LAND, J.
 

 This is a proceeding under our original jurisdiction for the impeachment and removal from office of the defendant, who is judge of the Sixteenth judicial district court of the state of Louisiana.
 

 It is alleged in the petition in this case that defendant, during his incumbency as district judge, has been guilty of incompetency,
 
 *597
 
 favoritism, and gross misconduct iq office, as shown in detail by the following specified charges, to wit:
 

 “(a) That on the 26th day of April, 1926, a hill of information was filed in open court at New Iberia. La., in the parish of Iberia, in the Sixteenth judicial district court of Louisiana, in the case of the state of Louisiana v. L. B. Lyons, No. 6355 of the docket for said court, wherein the said L. B. Lyons was charged with the crime of embezzlement, under section 9.07 of the Revised Statutes -of the. state of Louisiana, according to said bill of information as follows :
 

 ‘That one L. B. Lyons, citizen of the parish of Iberia, on the 26th day of April, in the year of our Lord 1926, with force and arms, in the parish .of Iberia aforesaid, and within the jurisdiction of the Sixteenth judicial district of the state of Louisiana, unlawfully, willfully, maliciously, and feloniously did, while in the employ of the Citizens’ Bank of Jeanerette, La., as clerk or bookkeeper of the said Citizens’ Bank of Jeanerette, embezzle and .convert to his own use, without the consent of the Citizens’ Bank of Jeanerette, thirty ($30,000) thousand dollars, current money of the United States of America, and other property belonging to the said Citizens’ Bank of Jeanerette.’
 

 “(b) That said bill of information, charging the said L. B. Lyons with the crime of embezzlement from the Citizens’ Bank of Jeanerette, was filed in the Sixteenth judicial district court, parish of Iberia, on the 26th day of April, 1926; and that the accused, said L. B. Lyons, was thereupon duly arraigned before the court, presided over by James D. Simon, judge thereof, and entered a plea of guilty, as charged, in said bill of information.”
 

 “(a) That thereupon the said James IX Simon, judge aforesaid, presiding over said case in open court, demanded of the accused, L. B. Lyons, whether or not he had anything to say why the sentence of the court should not be pronounced against him under his plea of guilty upon his arraignment on the charge of embezzlement; that the accused, L. B. Lyons, having replied that he had.nothing to say, the said James D. Simon, judge aforesaid, presiding over said case, did then and there request of the district attorney of court to hand to him the Revised Statutes of Louisiana; that the district attorney having complied with the request of the said judge, that the said James D. Simon, judge aforesaid, opened the Revised Statutes, and, having the law before him while on the bench presiding, did then and there sentence the accused, L. B. Lyons, to a term of imprisonment at hard labor in the state penitentiary of Louisiana for a minimum term of three months 'and a maximum term of six months.
 

 “(b) That the said James B. Simon, acting as judge aforesaid, well knew, or is presumed to have known, that he wqs without right, authority, or discretion to impose such a ridiculously light sentence upon the accused, inasmuch as the bill of information herein, by its very language, was predicated under section 907 of the Revised Statutes of Louisiana, which section of the statutes applies to the embezzlement of any president, cashier, teller, or clerk, .or other officer or person employed in the service of any bank chartered by this state,'who shall knowingly and willfully embezzle or convert to his own use any money belonging to said bank or deposited therein, and that said section 907 provides that the one convicted thereunder shall be imprisoned at hard labor for not more than seven nor less than one year in the state penitentiary.”
 

 V.
 

 “Petitioner avers upon information, which information he believes to be true, and therefore alleges that, after the said sentence had been imposed upon the said L. B. Lyons, accused in said cause, which sentence was in direct violation of section 907 of the Revised Statutes of Louisiana, P. G. Deeiut, deputy clerk, of the Sixteenth judicial district court, and acting as minute clerk on said occasion, did then and there demand to know of the said James D. Simon, judge presiding, whether he, the said judge, did not make a mistake in his sentence of the accused, and if the said judge did not intend to sentence the accused at hard labor in the state penitentiary for a minimum term of three years and a maximum term of six years, instead of a minimum term of three months and a maximum term of six months, whereupon the said James'I). Simon, judge aforesaid, then presiding over said court, did then and there reply that he meant to iippose and that he did impose upon the accused the sentence carrying a minimum of three months and a maximum of six months at hard labor in the state penitentiary.”
 

 VI.
 

 “Petitioner further avers upon information, and which information he believes to be true, that the said James IX Simon, judge aforesaid, and the accused in the said criminal cause, L. B. Lyons, were both young unmarried men of about the same age, and were intimate and close friends before the said James D. Simon was elected judge, and thereafter, and that the said
 
 *599
 
 L. B. Lyons was very active in his support oi the said James D. Simon at the time of his election as judge aforesaid, and that the said L. B. Lj'ons spent a large amount of money in said campaign for the election of the said James D. Simon; and petitioner is informed, and, believing said information, alleges that, because of the intimate and close friendship existing between the said James D. Simon and the accused, L. B. Lyons, the said James D. Simon used his high and dignified office as judge, to show favoritism to his friend, the said L. B. Lyons, in imposing such a ridiculously light sentence upon him, in direct violation of section 907 of the Revised Statutes of Louisiana, and that the said James D. Simon, judge aforesaid, did impose said sentence of not less than three months nor more than six months at hard labor in the state penitentiary, willfully and well knowing that he had no authority or discretion so to do, under the law, and that the act of the said James D. Simon, while presiding as judge of the Sixteenth judicial court, in said cause, constituted both favoritism and gross misconduct in office.”
 

 VII. •
 

 “Petitioner avers that the facts and allegations hereinbefore recited constitute gross misconduct and favoritism in office; and petitioner further avers that if the court should not find that the said James D. Simon, judge aforesaid, was guilty of favoritism or gross misconduct in office, or both, then your petitioner alleges that the said James D. Simon, judge aforesaid, was guilty of incompetency in office from such facts as alleged, and that he, the said James D. Simon, is unfit to exercise and discharge with an open and unprejudiced mind the high duties and functions of the office of judge of a judicial court, and that he should be removed by this honorable court, after due trial, from the office of judge of the Sixteenth judicial district of Louisiana.”
 

 The charged preferred against defendant judge are denied by him in his answer to the petition for his removal. There is no evidence at all in the record to show that Lyons contributed any funds whatever to the campaign expenses of defendant when he was a candidate for judge, nor to show any such close and intimate relations between the parties as might justify a charge of favoritism in imposing the sentence in this case.
 

 It is alleged by respondent judge in his answer that the sentence was not imposed under section 907 of the Revised Statutes of 1870, as alleged in the petition, but under section 905 of said statutes, as it appears in Marr’s Revised Edition of the year 1915, said section providing for no minimum, but a maximum penalty.
 

 The minutes of the Sixteenth judicial district court corroborate this statement, as they show that Lyons was sentenced under section 905 of the Revised Statutes to imprisonment in the state penitentiary for a term of not less than 3 nor more than 6 months. Lyons was sent immediately to the penitentiary.
 

 It is alleged in defendant’s answer that on the same day the sentence was imposed, and after adjournment of court, his attention was called to the fact that section 905 of the Revised Statutes had been amended by Act 165 of 1918, which provides that, if the amount, of money embezzled shall be $100 or more, the imprisonment shall be at hard labor not exceeding 15 years.
 

 Defendant judge alleges that, upon being advised as to his mistake, he immediately initiated proceedings to cause the return of Lyons from the penitentiary, in order that the unintentional error of the court as to the sentence might be corrected.
 

 The minutes of the court attest the promptness with which respondent judge acted in this matter. It appears from the minutes that sentence was imposed upon Lyons on April 26, 1926; that on April 27, 1926, a motion to annul and set aside this sentence was made by the district attorney; and that this motion was at once sustained by defendant judge.
 

 Lyons was then sentenced under Act 165 of 1918 to imprisonment in the state penitentiary for not less than 4 years nor more than 7 years. He was also sentenced under another charge of embezzlement, to imprisonment at hard labor for not less than 2 nor more than 5 years.
 

 
 *601
 
 It is clear, therefore, that respondent judge is not guilty of favoritism or misconduct in office, but that the situation -in which he had been placed was due to a mistake upon his part as to the statute under which Lyons should have been sentenced. We have before us numerous depositions made by members of the bar who have tried cases before Judge Simon.
 

 From their testimony it appears that the present incumbent is a young judge, who is fair and impartial in his rulings and decisions, who possesses judicial ability and temperament, and who enjoys the confidence and esteem of the practitioners in his court.
 

 In submitting the case without argument, the Attorney General stated in open court that the evidence failed to sustain the charges preferred against defendant judge.
 

 We concur in that view of the matter.
 

 It is therefore ordered that plaintiff’s demand be rejected and that this suit be dismissed.’
 

 O’NIELL, C. J., concurs in the decree on the ground that, without any evidence being offered, or argument, or brief on behalf of the state, there is nothing for the court to do but dismiss the case.